**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Steven Andrew BERG, Defendant–
Appellant.**

**No. 05–50449.
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Jan. 11, 2006.

Joseph H. Gay, Jr., Assistant U.S. At-
torney, U.S. Attorney's Office, Western
District of Texas, San Antonio, TX, for
Plaintiff–Appellee.

Mike Barclay, Law Offices of Mike Bar-
clay, Alpine, TX, for Defendant–Appellant.

Before KING, Chief Judge, and
WIENER and DeMOSS, Circuit Judges.

PER CURIAM: *

Steven Andrew Berg appeals his convic-
tion for possession with the intent to dis-
tribute more than five kilograms of co-
caine, in violation of 21 U.S.C. § 841. He
argues that the prosecutor's closing argu-
ment improperly commented on his post-
arrest, post-*Miranda* silence, in violation
of *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct.
2240, 49 L.Ed.2d 91 (1976), and that the
error requires automatic reversal.

■ A prosecutor violates a defendant's
due process rights by commenting on a

---

defendant's post-arrest, post-*Miranda* warning silence in an attempt to impeach the defendant's exculpatory testimony offered at trial. *Doyle v. Ohio,* 426 U.S. 610, 619–20, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). Contrary to Berg's assertion, the prosecutor's comments regarding his silently "looking straight ahead" reference his silence during secondary inspection, which silence occurred prior to any arrest and thus do not violate *Doyle. See United States v. Musquiz,* 45 F.3d 927, 930 (5th Cir.1995).

█ Berg also objects to the prosecutor's comment on his failure to say anything after he was arrested and placed in a holding cell. Although the remark referenced Berg's post-arrest silence, there is no evidence in the record that Berg's silence at that point was induced by *Miranda* warnings, a prerequisite for a *Doyle* violation. *See Doyle,* 426 U.S. at 619–20, 96 S.Ct. 2240. Even if a *Doyle* violation is assumed, however, the error was harmless given that the statement was not linked to the exculpatory statement Berg offered at trial, that the trial court sustained Berg's objection and gave a curative instruction, and that the evidence of Berg's guilt was overwhelming. *See United States v. Rodriguez,* 43 F.3d 117, 123 (5th Cir.1995); *United States v. Carter,* 953 F.2d 1449, 1466 (5th Cir.1992); *Chapman v. United States,* 547 F.2d 1240, 1247–48 (5th Cir. 1977).

The district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.